UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | |
|---|---|
| **JASON SMITH**<br>11533 Busy St #223<br>North Chesterfield, VA 23236<br><br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT**<br>**OF EDUCATION;**<br>OFFICE OF GENERAL COUNSEL<br>400 Maryland Avenue SW<br>Washington, DC 20202<br><br>**MISSOURI HIGHER EDUCATION**<br>**LOAN AUTHORITY (MOHELA);**<br>633 Spirit Drive, Chesterfield, MO 63005<br><br>**NELNET LOAN SERVICING, INC.,**<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. **3:26CV73**<br>)<br>)<br>)<br>)<br>)<br>) HON.<br>)<br>)<br>)<br>)<br>) **TRIAL BY JURY DEMANDED**<br>)<br>)<br>)<br>) |

Defendants,

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

NOW COMES Plaintiff Jason Smith ("Plaintiff"), proceeding pro se, and brings this civil

action for declaratory, injunctive, and mandamus relief against the United States Department of

Education, the Missouri Higher Education Loan Authority ("MOHELA"), and Nelnet Loan

Servicing, Inc. ("Nelnet") (collectively, "Defendants"), and alleges as follows:

This action arises from Defendants' failure to implement and enforce a final federal student

loan forgiveness determination, their continued assertion, servicing, and threatened collection of

1

loans that have been legally discharged, and their ongoing violations of federal law, including the Administrative Procedure Act, 28 U.S.C. § 1361 (mandamus), and the Fair Credit Reporting Act.

Plaintiff seeks relief to enforce a loan discharge already granted by the U.S. Department of Education, to halt unlawful collection and servicing activity, to correct inaccurate loan and credit reporting, and to prevent further irreparable harm caused by Defendants' refusal to comply with their own binding determinations.

## INTRODUCTION

1.      This action arises from Defendants' unlawful failure to implement, enforce, and honor a confirmed federal student loan discharge, despite Plaintiff's full compliance with statutory, regulatory, and administrative requirements under the Public Service Loan Forgiveness (PSLF) program, the CARES Act payment pause, and the Department of Education's one-time Income-Driven Repayment (IDR) account adjustment.

2.      Plaintiff submitted three separate applications for loan forgiveness under PSLF, certified all qualifying public service employment, and complied with all Department of Education requirements.

3.      On June 28, 2023, the U.S. Department of Education, Office of Federal Student Aid ("FSA"), formally notified Plaintiff in writing that: *"You have met the qualifications for loan forgiveness, and your loans have been discharged. MOHELA's records reflect a $0.00 balance."* (FSA Feedback Case No. 13216826) See (Ex. 1)

4.      This written confirmation constitutes final agency action acknowledging that Plaintiff satisfied all requirements for loan forgiveness and that the underlying debt was legally extinguished.

5.      Despite this final determination, Defendants have failed to implement, honor, or enforce the discharge and have instead continued to assert, transfer, and threaten servicing and

2

collection of loans that no longer exist.

II. JURISDICTION AND VENUE

      6.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this case arises under the laws of the United States, including the Administrative Procedure Act, 28 U.S.C. § 1361 (mandamus), and the Fair Credit Reporting Act. The Court also has jurisdiction under 5 U.S.C. §§ 702 and 706, which waive sovereign immunity and authorize judicial review of final agency action unlawfully withheld or unreasonably delayed. Jurisdiction is further proper under 15 U.S.C. § 1681p, which provides federal jurisdiction over claims arising under the Fair Credit Reporting Act, and under 28 U.S.C. §§ 2201–2202, which authorize this Court to grant declaratory and other appropriate relief.

      7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in Virginia and the effects of Defendants' unlawful actions are being felt within this District.

**III. PARTIES**

      8.    Plaintiff Jason Smith is a resident of the Commonwealth of Virginia.

      9.    Defendant United States Department of Education ("ED") is a federal agency responsible for administering and enforcing federal student loan programs.

      10.    Defendant Missouri Higher Education Loan Authority ("MOHELA") is a federal student loan servicer acting under contract with the Department of Education and designated as the PSLF servicer.

      11.    Defendant Nelnet Loan Servicing, Inc. ("Nelnet") is a federal student loan servicer that has issued notices stating it will begin servicing Plaintiff's discharged loans.

**IV. STATUTORY AND REGULATORY BACKGROUND**

    **A. Public Service Loan Forgiveness and the CARES Act**

12.    Under 20 U.S.C. § 1087e(m), borrowers who make 120 qualifying payments while employed in qualifying public service are entitled to loan forgiveness under PSLF.

13.    Beginning on March 20, 2020, the Office of Federal Student Aid implemented temporary relief measures on Department of Education–owned federal student loans in response to the COVID-19 national emergency. These measures included the suspension of required loan payments, the cessation of collection activity on defaulted loans, and the application of a zero percent interest rate.

14.    On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), codifying these measures.

15.    The Department of Education explicitly determined that paused payments during the COVID-19 emergency count as qualifying payments toward PSLF and TEPSLF, provided the borrower otherwise met PSLF requirements.

16.    Borrowers were required to submit PSLF employment certification to receive credit for the payment-pause period. Plaintiff did so.

**B. Extensions of COVID-19 Relief**

17.    The CARES Act relief and PSLF credit provisions were extended multiple times, including through September 2023, when interest resumed, and October 2023, when payments restarted.

18.    A 12-month "on-ramp to repayment" period ended on September 30, 2024.

**C. One-Time IDR Account Adjustment**

19.    On April 19, 2022, the Department of Education announced a one-time IDR account adjustment to correct systemic servicing failures.

20.    Under the Department of Education's one-time income-driven repayment account adjustment, the Department is required to count toward loan forgiveness any months during which

4

a borrower was in repayment status, deferments occurring prior to 2013 other than in-school deferments, periods of forbearance totaling twelve or more consecutive months or thirty-six or more months in the aggregate, certain economic hardship and military deferments, and all qualifying repayment time accrued prior to loan consolidation.

21.    Borrowers reaching 20 or 25 years (240 or 300 months) of qualifying time are entitled to automatic forgiveness, even if not currently enrolled in an IDR plan.

22.    Plaintiff's loans independently qualified for forgiveness under these provisions.

## V. FINAL AGENCY DETERMINATION AND RELIANCE

23.    On March 1, 2023, Plaintiff submitted formal feedback to the Department of Education regarding the status of his federal student loans and loan forgiveness.

24.    The Department assigned FSA Feedback Case No. 13216826, acknowledging receipt and initiating review.

25.    On June 28, 2023, Federal Student Aid issued a written response confirming that Plaintiff had met the qualifications for loan forgiveness, that Plaintiff's federal student loans had been discharged, and that MOHELA's records reflected a $0.00 balance on the discharged loans.

26.    The Department of Education has never rescinded, withdrawn, or modified this determination.

27.    Plaintiff reasonably relied on this final agency determination and ceased treating the loans as outstanding obligations.

## VI. FACTUAL ALLEGATIONS

28.    Following the June 28, 2023 discharge confirmation, MOHELA failed to permanently close Plaintiff's loan account or ensure system-wide implementation of the discharge, the Department of Education failed to enforce its own final determination or correct servicing records, and Nelnet issued notices asserting that it would begin servicing Plaintiff's federal student

5

loans notwithstanding that those loans had already been discharged.

29.    Defendants' actions falsely assert the existence of a debt that has been legally extinguished for more than a year.

30.    Plaintiff continues to suffer ongoing and irreparable harm, including credit damage, emotional distress, and imminent risk of unlawful collection.

**E. Adverse Action and Harm**

31.    Defendants' actions and failures to act constitute adverse actions against Plaintiff within the meaning of federal administrative and consumer protection law.

32.    Despite the Department of Education's June 28, 2023 final determination confirming that Plaintiff's federal student loans were forgiven and discharged, Defendants have continued to treat Plaintiff as though he remains indebted, thereby subjecting him to ongoing adverse consequences.

33.    MOHELA's failure to permanently close Plaintiff's loan account and to ensure system-wide implementation of the discharge constitutes an adverse action because it falsely maintains the appearance of an outstanding debt and enables continued servicing and reporting activity inconsistent with the discharge.

34.    The Department of Education's refusal and failure to enforce its own final agency determination, correct its records, and ensure compliance by its contracted servicers constitutes adverse agency action and unlawful inaction, depriving Plaintiff of the full benefit of the loan forgiveness to which he is legally entitled.

35.    Nelnet's issuance of notices asserting that it would begin servicing Plaintiff's discharged loans constitutes an adverse action because it falsely asserts legal authority over a debt that no longer exists and creates an imminent risk of unlawful collection activity.

36.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

continues to suffer concrete and particularized harm, including but not limited to damage to his credit reputation, emotional distress, anxiety regarding potential collection activity, and the ongoing uncertainty associated with Defendants' inconsistent and contradictory assertions regarding the status of his loans.

37.     Defendants' conduct has also impaired Plaintiff's ability to obtain credit, housing, and other financial opportunities, and has forced Plaintiff to expend time and resources attempting to correct errors that Defendants have a legal obligation to remedy.

38.     The harms suffered by Plaintiff are ongoing and irreparable. Once credit damage occurs or unlawful collection activity is initiated, such harm cannot be fully remedied by monetary damages alone.

39.     Defendants' continued assertion, servicing, and threatened collection of Plaintiff's discharged loans creates a continuing violation of federal law and places Plaintiff at ongoing risk of further harm absent judicial intervention.

40.     As a result of Defendants' adverse actions and omissions, Plaintiff is entitled to declaratory and injunctive relief to prevent further harm and to compel Defendants to comply with federal law and their own final determinations.

## V. CLAIMS FOR RELIEF

### COUNT I

### COUNT I – Administrative Procedure Act

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, authorizes judicial review of final agency action and waives sovereign immunity for actions seeking declaratory and injunctive relief against federal agencies that act unlawfully or fail to act as

required by law.

43.    On June 28, 2023, the U.S. Department of Education, through its Office of Federal Student Aid, issued a final agency determination confirming that Plaintiff had met the qualifications for loan forgiveness, that Plaintiff's federal student loans were discharged, and that MOHELA's records reflected a $0.00 balance.

44.    Following this determination, the Department of Education had a nondiscretionary duty to implement and enforce the discharge across all servicing platforms, ensure that its contracted servicers complied with the determination, and prevent any further servicing, collection, or reporting activity inconsistent with the discharge.

45.    Despite the issuance of this final agency action, the Department has failed and refused to implement and enforce its own determination, has failed to correct its records and servicing systems, and has permitted its agents and contractors to continue asserting authority over loans that have been legally extinguished.

46.    The Department's failure to implement and enforce the June 28, 2023 discharge determination constitutes agency action unlawfully withheld and unreasonably delayed, in violation of 5 U.S.C. § 706(1).

47.    The Department's inaction is not the product of discretion or policy judgment, but rather a failure to perform a clear, mandatory, and ministerial duty required by federal law once eligibility for loan forgiveness and discharge has been determined.

48.    In addition, the Department's conduct is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2), because the Department has acted inconsistently with its own final determination, failed to provide a reasoned explanation for its refusal to enforce the discharge, and treated Plaintiff in a manner contrary to governing statutes, regulations, and agency policy.

49.    The Department's conduct is further arbitrary and capricious because it has

8

allowed inconsistent and contradictory actions by its servicers—permitting continued servicing, threatened collection, and inaccurate reporting, despite having conclusively determined that Plaintiff's loans were discharged.

50.     As a direct and proximate result of the Department's unlawful action and inaction, Plaintiff has suffered and continues to suffer irreparable harm, including the ongoing risk of unlawful collection, damage to credit reputation, emotional distress, and the deprivation of the full benefit of the loan forgiveness to which he is entitled by law.

51.     Plaintiff has no adequate remedy at law. Monetary damages alone cannot cure the continuing legal and practical consequences of the Department's failure to enforce the discharge.

52.     Plaintiff is therefore entitled to declaratory and injunctive relief under the APA, including an order compelling the Department of Education to implement and enforce the June 28, 2023 discharge determination, correct all related records, and ensure that no further servicing, collection, or reporting occurs with respect to Plaintiff's discharged loans.

## COUNT II

### Mandamus

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     This Court has jurisdiction to issue a writ of mandamus pursuant to 28 U.S.C. § 1361, which authorizes federal courts to compel officers or agencies of the United States to perform duties owed to a plaintiff.

55.     Mandamus relief is appropriate where (a) the plaintiff has a clear and indisputable right to the relief sought, (b) the defendant has a plainly defined and nondiscretionary duty to perform the act in question, and (c) no other adequate remedy is available.

56.    On June 28, 2023, the U.S. Department of Education, through its Office of Federal Student Aid, issued a written determination confirming that Plaintiff had met the qualifications for loan forgiveness, that Plaintiff's federal student loans were discharged, and that MOHELA's records reflected a $0.00 balance.

57.    Following this final determination, the Department of Education had a clear, ministerial, and nondiscretionary duty to implement and enforce the discharge, to correct all Department and servicer records to reflect the discharge, and to ensure that no further servicing, collection, or reporting activity occurred with respect to Plaintiff's discharged loans.

58.    The Department's duty to implement and enforce a confirmed loan discharge is not discretionary. Once eligibility and discharge are determined, federal law requires the Department to give effect to that determination and to ensure compliance by its agents and contracted servicers.

59.    Despite Plaintiff's repeated efforts to obtain compliance, the Department of Education has failed and refused to perform these nondiscretionary duties, has failed to correct its records, and has failed to prevent its servicers from continuing to assert authority over loans that have been legally extinguished.

60.    The Department's failure to act has directly resulted in ongoing adverse consequences to Plaintiff, including threatened collection activity, inaccurate loan servicing, and continuing uncertainty regarding the status of loans that the Department itself has confirmed were discharged.

61.    Plaintiff has a clear and indisputable right to enforcement of the June 28, 2023 discharge determination and to the correction of all records reflecting that determination.

62.    Plaintiff has no other adequate remedy at law to compel the Department to perform its nondiscretionary duties. Monetary damages alone cannot remedy the continuing

legal and practical consequences of the Department's failure to implement and enforce the discharge.

63.    Absent mandamus relief, the Department of Education will continue to unlawfully withhold action required by federal law, and Plaintiff will continue to suffer irreparable harm.

64.    Plaintiff is therefore entitled to a writ of mandamus compelling the Department of Education to immediately implement and enforce the June 28, 2023 discharge determination, to correct all Department and servicer records to reflect the discharge, and to take all necessary steps to ensure that no further servicing, collection, or reporting activity occurs with respect to Plaintiff's discharged loans.

## COUNT III – Fair Credit Reporting Act

65.    Plaintiff realleges and incorporates by reference paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.    The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., imposes duties on entities that furnish information to consumer reporting agencies to ensure that such information is accurate, complete, and not misleading, and to correct or delete information that is inaccurate or cannot be verified.

67.    At all relevant times, Defendants MOHELA and Nelnet were "furnishers" of information within the meaning of the FCRA and regularly provided information regarding Plaintiff's federal student loan accounts to one or more consumer reporting agencies.

68.    As alleged herein, on June 28, 2023, the U.S. Department of Education issued a final determination confirming that Plaintiff's federal student loans were forgiven and discharged, and that MOHELA's records reflected a $0.00 balance.

69.    Notwithstanding this discharge, MOHELA failed to permanently close Plaintiff's loan account or ensure that its reporting systems accurately reflected the discharge,

11

and Nelnet issued notices asserting that it would begin servicing Plaintiff's discharged loans.

70.    By furnishing, continuing to furnish, and threatening to furnish information indicating that Plaintiff's loans remained outstanding, active, or subject to servicing or collection, MOHELA and Nelnet provided inaccurate and misleading credit information regarding a debt that had been legally extinguished.

71.    MOHELA and Nelnet knew or should have known that the information they furnished or threatened to furnish was inaccurate, incomplete, or misleading in light of the Department of Education's final discharge determination.

72.    Upon information and belief, MOHELA and Nelnet failed to take reasonable steps to ensure the accuracy of the information they furnished, failed to correct or delete inaccurate information, and failed to implement procedures reasonably designed to prevent the reporting of discharged debts, in violation of 15 U.S.C. § 1681s-2(a).

73.    Further, after receiving notice of the inaccuracy of the furnished information, including notice of the discharge determination and Plaintiff's disputes, MOHELA and Nelnet failed to conduct a reasonable investigation, failed to review all relevant information, and failed to correct or delete inaccurate information, in violation of 15 U.S.C. § 1681s-2(b).

74.    As a direct and proximate result of MOHELA's and Nelnet's violations of the FCRA, Plaintiff has suffered actual damages, including damage to his credit reputation, emotional distress, anxiety, and the loss of credit opportunities.

75.    The inaccurate reporting and threatened reporting of Plaintiff's discharged loans constitutes an ongoing violation of the FCRA and creates a continuing risk of further harm absent judicial intervention.

76.    Plaintiff is therefore entitled to all relief available under the FCRA, including actual damages, statutory damages where applicable, declaratory and injunctive relief, and costs and attorney's fees as permitted by law.

## COUNT IV – Declaratory Judgment

77.     Plaintiff realleges and incorporates by reference paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78.     This action presents an actual, ongoing, and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, between Plaintiff and Defendants regarding the legal status of Plaintiff's federal student loans and Defendants' authority to service, collect, or report those loans.

79.     On June 28, 2023, the U.S. Department of Education, through its Office of Federal Student Aid, issued a final determination confirming that Plaintiff had met the qualifications for loan forgiveness, that Plaintiff's federal student loans were discharged, and that MOHELA's records reflected a $0.00 balance.

80.     Notwithstanding this final determination, Defendants have failed to treat Plaintiff's loans as discharged and have continued to assert, directly or indirectly, that the loans remain subject to servicing, collection, or reporting.

81.     Defendants' continued conduct creates uncertainty and insecurity with respect to Plaintiff's legal rights and obligations, exposes Plaintiff to the risk of unlawful collection and inaccurate credit reporting, and undermines the finality of the Department of Education's discharge determination.

82.     Plaintiff seeks a judicial declaration that his federal student loans have been fully and permanently discharged, and that Defendants lack any legal authority to service, collect, transfer, assign, or report those loans to consumer reporting agencies.

83.     A declaratory judgment is necessary and appropriate to clarify and settle the legal relations at issue, to terminate the ongoing controversy between the parties, and to afford Plaintiff relief from the uncertainty, insecurity, and irreparable harm caused by Defendants' actions and omissions.

84.    The requested declaratory relief will serve a useful purpose in guiding Defendants' future conduct, ensuring compliance with federal law and final agency determinations, and preventing further violations of Plaintiff's rights.

## COUNT V – Injunctive Relief

85.    Plaintiff realleges and incorporates by reference paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.    Plaintiff seeks immediate and permanent injunctive relief pursuant to Federal Rule of Civil Procedure 65 to prevent Defendants from continuing to engage in unlawful conduct relating to Plaintiff's discharged federal student loans.

87.    As alleged herein, on June 28, 2023, the U.S. Department of Education issued a final agency determination confirming that Plaintiff's federal student loans were forgiven and discharged, and that MOHELA's records reflected a $0.00 balance.

88.    Despite this final determination, Defendants have continued to assert authority over Plaintiff's discharged loans, including by failing to implement the discharge, threatening to transfer servicing, issuing notices indicating ongoing obligations, and furnishing or threatening to furnish inaccurate information to consumer reporting agencies.

89.    Defendants' conduct constitutes an ongoing and continuous violation of federal law, including the Administrative Procedure Act, 28 U.S.C. § 1361, and the Fair Credit Reporting Act, and has caused and will continue to cause Plaintiff immediate and irreparable harm absent injunctive relief.

90.    Plaintiff has no adequate remedy at law. Monetary damages alone cannot fully redress the continuing harm caused by Defendants' ongoing assertion, servicing, and threatened collection of loans that have been legally extinguished.

91.    The balance of equities weighs sharply in Plaintiff's favor, as Defendants will suffer no cognizable harm by being required to comply with federal law and their own final

determination, while Plaintiff faces ongoing injury absent judicial intervention.

92.     The public interest favors injunctive relief, as it promotes compliance with federal law, ensures the integrity of federal student loan programs, and prevents unlawful government-backed collection activity.

93.     Plaintiff therefore seeks an order permanently enjoining Defendants, and all persons acting in concert or participation with them, from collecting or attempting to collect on Plaintiff's discharged federal student loans, transferring or assigning servicing of those loans, reporting or furnishing information regarding the alleged loans to any consumer reporting agency, and communicating in any manner that Plaintiff owes any balance on the discharged loans.

94.     Plaintiff further seeks such other and additional injunctive relief as the Court deems just and proper to ensure full compliance with the Department of Education's June 28, 2023 discharge determination and to prevent further harm.

## VIII. PRAYER FOR RELIEF

95.     WHEREFORE, Plaintiff Jason Smith respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

96.     The Court declare that Plaintiff's federal student loans have been fully and permanently discharged pursuant to the Department of Education's June 28, 2023 final agency determination, and that Defendants lack any legal authority to service, collect, transfer, assign, or report those loans.

97.     The Court issue immediate preliminary and permanent injunctive relief prohibiting Defendants, and all persons acting in concert or participation with them, from collecting or attempting to collect on Plaintiff's discharged loans, transferring or assigning servicing of those loans, furnishing or continuing to furnish information regarding the alleged loans to any consumer reporting agency, or communicating in any manner that Plaintiff owes

any balance on the discharged loans.

98.    The Court issue a writ of mandamus compelling the United States Department of Education to perform its nondiscretionary duties to implement and enforce the June 28, 2023 discharge determination, to correct all Department and servicer records to reflect the discharge, and to ensure that no further servicing, collection, or reporting occurs with respect to Plaintiff's discharged loans.

99.    The Court award Plaintiff actual damages for harm suffered as a result of Defendants' violations of the Fair Credit Reporting Act, including damage to credit reputation, emotional distress, and loss of credit opportunities, as well as statutory damages to the extent authorized by law.

100.    The Court award Plaintiff his costs and fees incurred in bringing this action, including those authorized under the Fair Credit Reporting Act and any other applicable statute, to the extent permitted by law.

101.    The Court grant such other and further relief as the Court deems just, proper, and equitable to fully remedy Defendants' unlawful conduct and to prevent future violations of Plaintiff's rights.

## IX. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated: January 29, 2026

Respectfully submitted,

*/s/ Jason Smith*
Jason Smith
11533 Busy St #223
North Chesterfield, VA 23236
773 243 4658

16